IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK ANTHONY SMITH,

    Plaintiff,                  No. 2:10-cv-1901 MCE JFM (PC)

    vs.

SOLANO COUNTY DISTRICT ATTORNEY'S OFFICE,

    Defendant.              <u>ORDER</u>

                           /

        Plaintiff is a civil detainee proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

1   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions,"
2   none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512
3   (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain
4   statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and
6   the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a
7   complaint only if it is clear that no relief could be granted under any set of facts that could be
8   proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will
9   ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.
10  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but
11  that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v.
12  Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir.
13  2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim ....'"
14  (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading
15  standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319,
16  330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential
17  elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d
18  1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

19          The court finds the allegations in plaintiff's complaint so vague and conclusory
20  that it is unable to determine whether the current action is frivolous or fails to state a claim for
21  relief. The court has determined that the complaint does not contain a short and plain statement
22  as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading
23  policy, a complaint must give fair notice and state the elements of the claim plainly and
24  succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff
25  must allege with at least some degree of particularity overt acts which defendants engaged in that
26  support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of

Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

1 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must
2 bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to
3 file an amended complaint in accordance with this order may result in the dismissal of this
4 action.
5 DATED: October 18, 2010.

                                              UNITED STATES MAGISTRATE JUDGE

/014;smit1901.14new

1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10 MARK ANTHONY SMITH,
11         Plaintiff,                    No. 2:10-cv-1901 MCE JFM (PC)
12
13     vs.
14 SOLANO COUNTY DISTRICT
   ATTORNEY'S OFFICE,                    NOTICE OF AMENDMENT
15
         Defendant.
16 _____/
17
           Plaintiff hereby submits the following document in compliance with the court's
18
   order filed _____:
19
           _____        Amended Complaint
20
   DATED:
21
22
23
24                                         _____
                                           Plaintiff
25
26

5